**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X

PHILIPPE BUHANNIC and PATRICK
BUHANNIC,

                        Plaintiffs,

                 -against-

PIERRE SCHROEDER; PIERO GRANDI;
FRANK PLACENTI; ROBERT TRUDEAU;
TCV VI L.P.; TCV MEMBER FUND, L.P.;
JAY HOAG; and RICK KIMBALL,

                 Defendants.

Civil Action No.: 18-cv-5371 (ER)

------------------------------------------------------ X

PHILIPPE BUHANNIC and PATRICK
BUHANNIC,

                        Plaintiffs,

                 -against-

TRADINGSCREEN INC.; PIERRE
SCHROEDER; PIERO GRANDI; FRANK
PLACENTI; ROBERT TRUDEAU; TCV VI,
L.P.; and TCV MEMBER FUND, L.P.,

                 Defendants.

Civil Action No.: 18-cv-5372 (ER)

------------------------------------------------------ X

PHILIPPE BUHANNIC and PATRICK
BUHANNIC,

                        Plaintiffs,

                 -against-

TRADINGSCREEN INC.; PIERRE
SCHROEDER; PIERO GRANDI; FRANK
PLACENTI; ROBERT TRUDEAU; TCV VI,
L.P.; and TCV MEMBER FUND, L.P.,

                 Defendants.

Civil Action No.: 18-cv-7997 (ER)

------------------------------------------------------ X

```
------------------------------------------------ X
                                                 :
PHILIPPE BUHANNIC,                               :
                                                 :
                    Plaintiff,                   :
                                                 :      Civil Action No.: 18-cv-9351 (ER)
               -against-                         :
                                                 :
TRADINGSCREEN INC.,                              :
                                                 :
                    Defendant.                   :
                                                 :
                                                 :
------------------------------------------------ X
                                                 :
PHILIPPE BUHANNIC,                               :
                                                 :
                    Plaintiff,                   :
                                                 :
                                                 :
               -against-                         :
                                                 :      Civil Action No.: 18-cv-9447 (ER)
TRADINGSCREEN INC.; PIERRE                       :
SCHROEDER; PIERO GRANDI; FRANK                   :
PLACENTI; ROBERT TRUDEAU; TCV VI,                :
L.P.; and TCV MEMBER FUND, L.P.,                 :
                                                 :
                    Defendants.                  :
------------------------------------------------ X
                                                 :
PHILIPPE BUHANNIC,                               :
                                                 :
                    Plaintiff,                   :
                                                 :
                                                 :
               -against-                         :
                                                 :      Civil Action No.: 18-cv-10170 (ER)
TRADINGSCREEN INC.; PIERRE                       :
SCHROEDER; PIERO GRANDI; FRANK                   :
PLACENTI; ROBERT TRUDEAU; TCV VI,                :
L.P.; TCV MEMBER FUND, L.P.; JAY                 :
HOAG; and RICK KIMBALL,                          :
                                                 :
                    Defendants.                  :
------------------------------------------------ X
```

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

I.  BACKGROUND .......................................................................................... 1

    A.  The Parties ........................................................................................ 1

    B.  Background ........................................................................................ 2

        1.  TradingScreen's Board ............................................................ 2

        2.  The Board's Termination of Mr. Buhannic ................................ 3

        3.  The Delaware Action ............................................................... 3

        4.  Mr. Buhannic Seeks a Second and Third Litigation Pasture: The American Arbitration Association and New York State Court ......... 4

        5.  Mr. Buhannic Turns to A Fourth Forum: This Court .............................. 5

II.  ARGUMENT ............................................................................................... 9

    A.  This Court Lacks Jurisdiction Over Five of the SDNY Actions ........................... 9

    B.  This Court Should Abstain from All Six SDNY Actions .................................. 10

        1.  Case No. 18-cv-9351 (the First SDNY Indemnification Action) ............ 11

        2.  Case No. 18-cv-9447 (the Second SDNY Indemnification Action)........ 16

        3.  Case Nos. 18-cv-7997 and 18-cv-10170 (the Employment Actions)...... 16

        4.  Case No. 18-cv-5371 (the SDNY Corporate Governance Action).......... 17

        5.  Case No. 18-cv-5372 (the SDNY Books and Records Action).............. 18

CONCLUSION.................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abe v. N.Y. Univ.*,
No. 14-cv-9323 (RJS), 2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016),
*reconsideration denied*, 2016 WL 2757761 (S.D.N.Y. May 11, 2016) ..................................13

*Am. Alliance Ins. Co. v. Eagle Ins. Co.*,
961 F. Supp. 652 (S.D.N.Y. 1997) ..................................................................................14

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*,
692 F.3d 42 (2d Cir. 2012)..........................................................................................9, 10

*Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*,
850 F. Supp. 176 (E.D.N.Y. 1994) ..................................................................................10

*Best v. Layne*,
No. 18-cv-2786 (ALC), 2018 WL 3677883 (S.D.N.Y. Aug. 2, 2018)....................................10

*Bogan v. Nw. Mut. Life Ins. Co.*,
103 F. Supp. 2d 698 (S.D.N.Y. 2000)..............................................................................9

*Brady v. Calyon Sec. (USA)*,
406 F. Supp. 2d 307 (S.D.N.Y. 2005)..............................................................................18

*Buhannic v. TradingScreen, Inc.*,
No. 17 CIV. 07993 (ER), 2018 WL 3611985 (S.D.N.Y. July 27, 2018)..............................5, 6

*Carden v. Arkoma Assocs.*,
494 U.S. 185 (1990)....................................................................................................9

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976)............................................................................................ *passim*

*Congress Talcott Corp. v. Roslin*,
No. 95 Civ. 7698 LAP, 1996 WL 499337 (S.D.N.Y. Sept. 4, 1996) ....................................16

*De Cisneros v. Younger*,
871 F.2d 305 (2d Cir. 1989)......................................................................................11, 14

*Dittmer v. Cty. of Suffolk*,
146 F.3d 113 (2d Cir. 1998)..........................................................................................10

*Espinoza v. Hewlett-Packard Co.*,
32 A.3d 365 (Del. 2011) ..............................................................................................18

*First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*,
   862 F. Supp. 2d 170 (E.D.N.Y. 2012) ......................................................................14

*Garcia v. Tamir*,
   No. 99 Civ. 0298(LAP), 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999) .....................................13

*Gen. Reinsurance Corp. v. CIBA–Geigy Corp.*,
   853 F.2d 78 (2d Cir. 1988)...........................................................................................13

*Goldentree Asset Mgmt., LP v. Longaberger Co.*,
   448 F. Supp. 2d 589 (S.D.N.Y. 2006)..........................................................................11

*H.K. Huilin Int'l Trade Co. v. Kevin Multiline Polymer Inc.*,
   907 F. Supp. 2d 284 (E.D.N.Y. 2012) ...........................................................................9

*Herrick Co. v. SCS Comm'cns, Inc.*,
   251 F.3d 315 (2d Cir. 2001)...........................................................................................9

*King v. Six Stars of N.Y., Inc.*,
   No. 16 CIV. 3291 (BMC), 2016 WL 4523920 (E.D.N.Y. Aug. 22, 2016) ...............14, 15, 17

*Millennium Drilling Co. v. Prochaska*,
   No. 14-cv-1985, 2014 WL 6491531 (S.D.N.Y. Nov. 18, 2014)........................................13

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)........................................................................................................11

*Prudential Oil Corp. v. Phillips Petroleum Co.*,
   546 F.2d 469 (2d Cir. 1976)...........................................................................................9

*Telesco v. Telesco Fuel and Masons' Materials, Inc.*,
   765 F.2d 356 (2d Cir. 1985)...............................................................................11, 13, 16

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*,
   293 F.3d 579 (2d Cir. 2002)...........................................................................................9

**Statutes**

8 Del. C. § 220 ...................................................................................................7, 18

8 Del. C. § 225 ............................................................................................... *passim*

28 U.S.C § 1332...............................................................................................................9

## PRELIMINARY STATEMENT

These six actions are the latest of the now 14 actions filed by plaintiff Philippe Buhannic (himself or with his brother, Patrick Buhannic) arising out of the June 2016 decision by the Board of Directors of TradingScreen Inc. ("TradingScreen" or the "Company") to terminate Mr. Buhannic as TradingScreen's Chief Executive Officer after he lost his temper and struck a TradingScreen employee, and then lied about the incident to the Board.[1]

These six actions for the most part duplicate prior actions Mr. Buhannic has brought in the New York State Supreme Court, and have been refiled in this forum because Mr. Buhannic is unhappy with rulings by New York Supreme Court Justice Marcy Friedman, the judge presiding over the New York state court actions, who Mr. Buhannic has sued in this Court for, among other things, alleged discrimination against him "based on national origin and . . . as a [p]ro se litigant."  *See* Complaint [Dkt. No. 1] *Buhannic v. Friedman*, No. 18-cv-5279-RA (S.D.N.Y.).

Five of these six actions should be dismissed because this Court lacks jurisdiction.  *See* Point II.A.  All six actions should be dismissed on abstention grounds pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  *See* Point II.B.

## I.    BACKGROUND

### A.    The Parties

Plaintiff Philippe Buhannic is the former CEO of TradingScreen and is a member of the Company's Board of Directors (the "Board").  Philippe Buhannic is not a typical *pro se* plaintiff. He is a sophisticated businessman and a French citizen with his principal residence in Switzerland and an apartment at 65 Central Park West, one of Manhattan's renowned luxury

---

[1] A chart listing these 14 actions, as well as 2 related actions brought in Delaware Chancery Court by members of the Company's Board of Directors against Mr. Buhannic, is attached hereto as an appendix.

residential buildings.  Plaintiff Patrick Buhannic, a French citizen residing in France, is Philippe's brother and also is a member of the Board.

Defendant Pierre Schroeder is TradingScreen's CEO, a member of the Board, and a citizen of Luxemburg who resides in Spain.  Defendant Piero Grandi is the Chairman of the Board and a citizen of Italy who resides in Switzerland.

Non-Party Technology Crossover Ventures ("TCV") is a private equity firm founded in 1995 by Defendants Jay Hoag and Rick Kimball that has invested over $10 billion in leading technology companies, including Expedia, Facebook, Netflix, Spotify, and Zillow.  Defendants Frank Placenti and Robert Trudeau are members of the Board appointed by two TCV-sponsored funds, Defendants TCV VI L.P. and TCV Member Fund, L.P. (the "TCV Funds"), which own a majority of TradingScreen's Series D preferred stock. The TCV Funds are limited partnerships and include limited partners who are not United States citizens.

**B.**    **Background**

    **1.**    **TradingScreen's Board**

The Buhannics and Joseph Ahearn founded TradingScreen in 1999.  In September 2007, the TCV Funds invested more than $65 million in TradingScreen and acquired the majority of TradingScreen's Series D preferred stock and, in connection therewith, the right to designate two members of the Board.  Since 2010, the Board has consisted of the Buhannics, Mr. Schroeder (the current CEO), Mr. Grandi (an independent director), and two TCV designees as representatives of the preferred stockholders (currently Messrs. Placenti and Trudeau).  A seventh seat, reserved for an additional independent director, has remained vacant since 2014.

### 2. <u>The Board's Termination of Mr. Buhannic</u>

In May 2016, the Board suspended, and in June 2016 terminated, Mr. Buhannic as TradingScreen's CEO for, among other things, physically assaulting a TradingScreen employee and lying to the Board about the assault in an effort to cover it up.

### 3. <u>The Delaware Action</u>

In May 2016, Mr. Buhannic sought to forestall Board action following his assault of a TradingScreen employee and the findings of the related investigation by seeking to reconstitute the Board with a designee of his choosing using purported stockholder written consents.  In an action brought by Messrs. Schroeder, Grandi, Trudeau and Placenti in the Delaware Court of Chancery challenging the validity of the consents pursuant to 8 Del. C. § 225 (the "Delaware 225 Action"), Vice Chancellor J. Travis Laster denied Mr. Buhannic's request that he be reinstated as TradingScreen's CEO during the pendency of that action, noting, based on Mr. Buhannic's testimony in an earlier litigation before Vice Chancellor Laster, that Mr. Buhannic is "a low-credibility individual."  *See* May 17, 2016 Transcript in Delaware 225 Action at 45:14 – 47:17, attached as Exhibit 1 to the Declaration of John M. Vassos dated January 15, 2019 ("Vassos Dec.").

Mr. Buhannic withdrew his challenged consents and agreed to a with-prejudice dismissal of his claims concerning the validity of the consents in the Delaware action.  Vassos Dec. Ex. 2. Mr. Buhannic testified that he dismissed those claims because he was unhappy with Vice Chancellor Laster's rulings and was hoping to find a friendlier forum in New York:

> [T]he judge was so biased and so unfair that the advice of the lawyer was to leave Delaware and have a court where a judge are [sic] honest and efficient, and that's why we are in New York now.

Vassos Dec. Ex. 3, at 487:6-10.

4.      **Mr. Buhannic Seeks a Second and Third Litigation Pasture:**
        **The American Arbitration Association and New York State Court**

Unhappy with Delaware, Mr. Buhannic opened two new litigation fronts in July 2016: (1) an American Arbitration Association ("AAA") arbitration (the "AAA Arbitration"); and (2) an action in New York State Supreme Court, captioned *Buhannic v. TradingScreen, Inc.*, Index No. 653624/2016 (Sup. Ct. N.Y. County) (the "New York State Court Action"). To date, Mr. Buhannic has hired and fired four law firms since filing the New York State Court Action and AAA Arbitration: Brown Rudnick LLP, Kasowitz Benson Torres LLP, Shiboleth LLP, and Moshe Indig, Esq. He is now proceeding *pro se*.

The AAA Arbitration resulted in a 17-page unanimous decision by a three-member arbitration panel declaring invalid and unenforceable amendments Mr. Buhannic had unilaterally made to a shareholders' agreement between TradingScreen and the Buhannics without the consent of the Board, which would have benefitted the Buhannics to the detriment of the Company (the "Arbitration Award"). Vassos Dec. Ex. 4.

The New York State Court Action has to date been the subject of 530 docket entries, 22 motions, numerous rulings by Justice Marcy Friedman, document discovery (consisting of the collection of 9 million documents from 29 document custodians, a review of 500,000 documents based on search terms negotiated with the Kasowitz law firm before Mr. Buhannic fired that firm, and the production of nearly 100,000 pages of documents), and three interlocutory appeals.

Two of Justice Friedman's rulings particularly upset Mr. Buhannic. First, on December 12, 2017, Justice Friedman denied Mr. Buhannic's motion seeking advancement and indemnification for legal expenses (the "Indemnification Order"). Vassos Dec. Ex. 5. Second, on May 15, 2018, the Court denied Mr. Buhannic's motion for 137 new categories of documents, untimely and unnoticed depositions, and leave to amend his complaint. Vassos Dec. Ex. 6.

At a June 7, 2018 court conference, Mr. Buhannic refused Justice Friedman's request that he agree to a date for his own deposition:

> COURT:  Do you want to set a date today for your deposition to be taken?
>
> MR. BUHANNIC:  Mine?  No.

Vassos Dec. Ex. 7 at 7:25-8:2.  Mr. Buhannic also refused to take any of the depositions noticed by his counsel, stating: "So right now I am not interested in taking the deposition of the two jokers you have put at our disposal."  *Id*. at 9:8-10.

On July 31, 2018, Mr. Buhannic filed a motion seeking Justice Friedman's recusal.  On December 6, 2018, Justice Friedman denied that motion, stating "the frivolous nature" of Mr. Buhannic's assertions were "apparent on the face of those assertions" and "confirmed by review of the record."  Vassos Dec. Ex. 8, at 2.

### 5.    Mr. Buhannic Turns to A Fourth Forum: This Court

Unhappy with the AAA and Justice Friedman, Mr. Buhannic determined to try his luck in this Court.  In his filings, Mr. Buhannic has openly defied the jurisdiction of the New York Supreme Court, characterizing Justice Friedman's rulings as a "nullity" and stating that "[t]he NY Court lacked, and still lacks, subject matter jurisdiction" and that "all its decisions are ink on paper and do not hold any *res judicata*."  Compl., 18-cv-9351, ¶ 13.  Mr. Buhannic has further stated that he "appealed the [New York] court's last decisions and do[es not] plan to present anything in state court any more as [his] case belongs as a non-resident to federal court any way."  *Buhannic v. Friedman*, Compl., 18-cv-5729-SA, Dkt. No. 1 at 24.

First, on October 17, 2017, Mr. Buhannic filed a petition to vacate the Arbitration Award, alleging that "[t]he award was procured by corruption, fraud, and undue means."  This Court rejected Mr. Buhannic's claims as "a far-fetched, unsubstantiated, and purely speculative conspiracy theory" that was "completely without merit" and confirmed the award.  *Buhannic v.*

*TradingScreen, Inc.*, No. 17 CIV. 07993 (ER), 2018 WL 3611985, at *4-5 (S.D.N.Y. July 27, 2018).  Mr. Buhannic has appealed to the Second Circuit.

Second, on March 19, 2018, Mr. Buhannic commenced a second action in this Court alleging a grand conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), perpetrated by TradingScreen, its directors, TCV and its founders, four law firms, the AAA, the three members of the arbitration panel who ruled against him in the AAA Arbitration, an accounting firm, Bloomberg News, and Vice Chancellor Laster.  *See Buhannic v. American Arbitrage Association*, No. 18-cv-2430-ER (S.D.N.Y.).  Motions to dismiss are fully briefed.

Third, on June 14, 2018, one week after refusing Justice Friedman's request to proceed with discovery in the New York State Court Action, Mr. Buhannic filed the first two of six actions in this Court that are at issue on this motion and that, as discussed below, seek to re-litigate claims previously brought or argued in the New York State Court Action and the Delaware Chancery Court.  Four subsequent actions were filed in this Court on August 31, 2018, October 12, 2018, October 16, 2018, and November 2, 2018.

In these six SDNY actions that are the subject of this motion (collectively, the "SDNY Actions), Mr. Buhannic seeks to re-litigate issues that have already been decided in New York or Delaware or are currently pending in the New York State Court Action.  Examples of the duplicative nature of the central allegations in the SDNY Actions are set forth below:

| S.D.N.Y. Action | Claim | Prior Proceeding Asserting Claim |
|---|---|---|
| 18-cv-5371 | • Void stock grants to Messrs. Schroeder and Grandi (Compl. at 39 ¶ 8, Vassos Dec. Ex. 9)<br><br>• Reconstitute Compensation Committee of the Board (Compl. at 38 ¶ 2, Vassos Dec. Ex. 9) | • Void stock grants to Messrs. Schroeder and Grandi (NY Compl. at 55 ¶ (i), Vassos Dec. Ex. 10)<br><br>• Reconstitute Compensation Committee of the Board (NY Compl. at 54 ¶ (g), Vassos Dec. Ex. 10) |

| S.D.N.Y. Action | Claim | Prior Proceeding Asserting Claim |
|---|---|---|
| | • Remove Messrs. Schroeder and Grandi from the Board (Compl. at 40 ¶¶ 9-10, Vassos Dec. Ex. 9)<br><br>• Appoint a new independent director (Compl. at 38 ¶ 1, Vassos Dec. Ex. 9) | • Remove Messrs. Schroeder and Grandi from the Board (Jan. 10, 2018 Delaware Order, Vassos Dec. Ex. 11)<br><br>• Appoint a new independent director (Jan. 10, 2018 Delaware Order, Vassos Dec. Ex. 11) |
| 18-cv-5372 | • Inspection of TradingScreen books and records pursuant to 8 Del. C. § 220, including:<br><br>  • All accounts closed at the end of December 2017 (Compl. Ex. 1, p. 19 of 31, ¶ 1, Vassos Dec. Ex. 12)<br><br>  • List of clients lost and acquired since June 2016 (Compl. Ex. 1, p. 19 of 31, ¶ 7, Vassos Dec. Ex. 12)<br><br>  • Total legal costs (Compl. Ex. 1, p. 20 of 31, ¶ 10, Vassos Dec. Ex. 12) | • Inspection of TradingScreen books and records pursuant to 8 Del. C. § 220, including:<br><br>  • All accounts closed at the end of June, 2017 (Vassos Dec. Ex. 13, ¶ 18)<br><br>  • List of clients lost and acquired since June 2016 (Vassos Dec. Ex. 14, at 11 ¶ 4; Ex. 13, ¶ 22)<br><br>  • Total legal costs (Vassos Dec. Ex. 14, at 11 ¶ 13; Ex. 13, ¶ 25) |
| 18-cv-7997 | • Wrongful termination of Mr. Buhannic as TradingScreen's CEO (Compl. at 9-11, Vassos Dec. Ex. 15)<br><br>• Entitlement to additional shares of TradingScreen stock (Compl. at 16-27, Vassos Dec. Ex. 15)<br><br>• Rescission of stock awards to Messrs. Grandi and Schroeder (Compl. at 27-28, Vassos Dec. Ex. 15)<br><br>• Reinstatement as TradingScreen's CEO (Compl. at 40, Vassos Dec. Ex. 15) | • Wrongful termination of Mr. Buhannic as TradingScreen's CEO (NY Compl. ¶¶ 64-91, 149-155, Vassos Dec. Ex. 10)<br><br>• Entitlement to additional shares of TradingScreen stock (NY Compl. ¶¶ 70-72, 92-99, 163-172, Vassos Dec. Ex. 10)<br><br>• Rescission of stock awards to Messrs. Grandi and Schroeder (NY Compl. ¶¶ 57-60, 21, Vassos Dec. Ex. 10)<br><br>• Reinstatement as TradingScreen's CEO (NY Compl. ¶¶ 152-155, Vassos Dec. Ex. 10) |

| S.D.N.Y. Action | Claim | Prior Proceeding Asserting Claim |
|---|---|---|
| | • Revisions to TradingScreen's records to reflect Mr. Buhannic's stock ownership claims (Compl. at 41, Vassos Dec. Ex. 15) | • Revisions to TradingScreen's records to reflect Mr. Buhannic's stock ownership claims (NY Compl. ¶¶ 61, 240-243, Vassos Dec. Ex. 10) |
| 18-cv-9351 | • Indemnification for legal fees and expenses incurred by Mr. Buhannic in Delaware 225 Action and the New York State Court Action. (Compl. ¶¶ 41-44, Vassos Dec. Ex. 16) | • Indemnification for legal fees and expenses incurred by Mr. Buhannic in Delaware 225 Action and the New York State Court Action. (NY Compl. ¶¶ 201-210, Vassos Dec. Ex. 10) <br><br> • *See also* Order denying indemnification for Delaware 225 Action and New York State Court Action, (Vassos Dec. Ex. 5), *affirmed* Jan. 15, 2019 (Vassos Dec. Ex. 17) |
| 18-cv-9447 | • Duplicative of 18-cv-9351, seeking indemnification for legal fees and expenses incurred by Mr. Buhannic in the New York State Court Action. (Compl. ¶ 3, Vassos Dec. Ex. 18) | • *See* NY Compl. ¶¶ 201-210 (Vassos Dec. Ex. 10) and Order denying indemnification for Delaware 225 Action and New York State Court Action (Vassos Dec. Ex. 5) |
| 18-cv-10170 | • Duplicative of 18-cv-7997, again claiming entitlement to additional shares of TradingScreen stock (Compl. p. 17, Vassos Dec. Ex. 19) | • Entitlement to additional shares of TradingScreen stock (NY Compl. ¶¶ 70-72, 92-99, 163-172, Vassos Dec. Ex. 10) |

Mr. Buhannic also has commenced two separate actions in this Court that do not name TradingScreen or its directors as defendants. The first was filed on June 25, 2018 against Justice Friedman, claiming she is biased against him; that case was assigned to Judge Abrams. *See Buhannic v. Friedman*, Case No. 18-cv-5729 (RA) (S.D.N.Y.). The second was filed on June 28, 2018, against his former counsel, the Shibboleth law firm, and was assigned to Judge Gardephe. *Buhannic v. Shiboleth LLC., et al.*, 18-cv-5846 (PGG) (S.D.N.Y.).

## II.   <u>ARGUMENT</u>

### A.   <u>This Court Lacks Jurisdiction Over Five of the SDNY Actions</u>

The Buhannics assert that that this Court has jurisdiction over five of the SDNY Actions, namely: (1) Case No. 18-cv-5371; (2) Case No. 18-cv-5372; (3) Case No. 18-cv-7997; (4) Case No. 18-cv-9447; and (5) Case No. 18-cv-10170, based solely on diversity of citizenship under 28 U.S.C. § 1332.

As plaintiffs, the Buhannics bear the burden of establishing diversity jurisdiction.  *Bogan v. Nw. Mut. Life Ins. Co.*, 103 F. Supp. 2d 698, 699 (S.D.N.Y. 2000), *citing Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 476 n.2 (2d Cir. 1976).  And they must establish <u>complete</u> diversity as between themselves and defendants.  *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580-81 (2d Cir. 2002); *H.K. Huilin Int'l Trade Co. v. Kevin Multiline Polymer Inc.*, 907 F. Supp. 2d 284, 289 (E.D.N.Y. 2012).

Philippe Buhannic and Patrick Buhannic are French citizens.  *See, e.g.*, Complaint, Case No. 18-cv-5371 (Vassos Dec. Ex. 9, ¶ 12); Complaint, Case No. 18-cv-9447 (Vassos Dec. Ex. 18, ¶ 13); New York State Court Action Complaint (Vassos Dec. Ex. 10, ¶ 16).

"Defendant Piero Grandi is an Italian citizen."  New York State Court Action Complaint, Vassos Dec. Ex. 10, ¶ 18.  "Defendant Pierre Schroeder is a Luxembourg citizen."  *Id*. ¶ 19.  The TCV Funds are also are foreign citizens because they are limited partnerships with non-U.S. citizen limited partners (Declaration of Robert Trudeau ¶¶ 3-4), *see, e.g.*, *Herrick Co. v. SCS Comm'cns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("for purposes of establishing diversity, a partnership has the citizenship of each of its partners") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)) (an LP is considered to have the citizenship of all of its members.)

Because the Buhannics, defendants Schroeder, Grandi, and the TCV Funds are non-U.S. citizens, the Buhannics have not met their burden of establishing complete diversity between the parties.

**B.**     **This Court Should Abstain from All Six SDNY Actions**

Federal courts may abstain from exercising jurisdiction over an action that is parallel to an earlier-filed state court action. *Colorado River*, 424 U.S. at 817.  Actions are "parallel when substantially the same parties are contemporaneously litigating substantially the same issue[s] in another forum." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).  "'Abstention under Colorado River does not require identical parties in the parallel actions.'"  *Best v. Layne*, No. 18-cv-2786 (ALC), 2018 WL 3677883, at *2 (S.D.N.Y. Aug. 2, 2018) (quoting *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.,* 850 F. Supp. 176, 184 (E.D.N.Y. 1994)).  "[T]he claims need not be precisely the same: 'What matters is that the claims concern the same events, and involve sufficient overlap of subject matter.'"  *Id.* (quoting *Bernstein*).  "'Indeed, even if the claims asserted in the two proceedings are not identical, if the state proceeding would permit the adjudication of the claims asserted in the federal proceeding, the proceedings are parallel.'"  *Id.* (citations omitted).  Here, there can be no doubt that these six actions are parallel to Mr. Buhannic's New York State Court Actions—they all assert clams against TradingScreen and its directors, officers, and investors arising out Mr. Buhannic's termination as TradingScreen's CEO in June 2016.

Where actions are parallel, federal district courts consider the following six factors (the "*Colorado River* Factors") in determining whether or not to abstain from exercising jurisdiction over parallel litigation: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." *De*

*Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989); *Goldentree Asset Mgmt., LP v. Longaberger Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. 2006).  No single factor is necessarily dispositive, and the test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The decision whether or not to abstain "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Colorado River,* 424 U.S. at 817 (citations and quotation marks omitted).  Courts also consider "the vexatious or reactive nature of either the federal or the state litigation."  *Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985) (citing *Moses H. Cone*, 460 U.S. at 17 n.20).  As stated in *Telesco*:

> In *Cone*, the Supreme Court stated that it found "considerable merit" in the idea "that the vexatious or reactive nature of either the federal or state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River…. The sequence of events in this case shows that the same party is plaintiffs in both courts and sues in the federal court on the same cause of action after he has suffered some failures in the earlier state court action.  This fact and the hostile history of the case strongly indicate the vexatious nature of the litigation.

*Id*. (internal citation omitted).

Applying the *Colorado River* Factors to the facts here, the Court should exercise its discretion and dismiss all six of the plainly vexatious SDNY Actions.

### 1.    Case No. 18-cv-9351 (the First SDNY Indemnification Action)

In Case No. 18-cv-9351, the only case in which Mr. Buhannic does not name non-diverse defendants, Mr. Buhannic asserts claims for advancement and indemnification for the Delaware 225 Action and the New York State Court Action.  Vassos Dec. Ex. 16., ¶¶ 41-44, 48-49.  In

doing so, Mr. Buhannic parallels the New York State Court Action in which he asserted those same claims, often in the same language.  Vassos Dec. Ex. 10, ¶¶ 201-210; Vassos Dec. Ex. 20.

Indeed, Mr. Buhannic does not try to hide that fact: he asserts in his Complaint in Case No. 18-cv-9351 that he is entitled to re-litigate those claims in the SDNY because he has "clear diversity" and, therefore, he considers the New York State Court Action – an action that he commenced and litigated for over two years – a "nullity" and all of the rulings of Justice Friedman as nothing more than "ink on paper."  Vassos Dec. Ex. 16, ¶ 13.

Justice Friedman's rulings are not a "nullity."  They are adjudications of Mr. Buhannic's claims for advancement and indemnification for his legal fees for the Delaware 225 Action and the New York State Court Action.  Vassos Dec. Ex. 5.  Justice Friedman's Order also addressed Mr. Buhannic's claim for advancement and indemnification in connection with TradingScreen's investigation into his improper involvement with a company called "SpreadZero," a claim he reasserts in this action (Vassos Dec. Ex. 16, ¶¶ 48-49) despite the fact that Justice Friedman dismissed that claim without prejudice subject to his right to re-plead it with the requisite supporting documents.  Vassos Dec. Ex. 5.  Mr. Buhannic appealed Justice Friedman's decision, and the New York Supreme Court Appellate Division, First Department affirmed Justice Friedman's decision in its entirety.  Vassos Dec. Ex. 17.

The *Colorado River* Factors weigh decisively in favor of abstention with respect to Case No. 18-cv-9351.

<u>Avoidance of Piecemeal Litigation</u>.  This factor obviously favors abstention, even putting aside likely *res judicata* and collateral estoppel concerns.  As stated above, the identical claims for indemnification for the Delaware 225 Action, the New York State Court Action and the "SpreadZero" investigation have been asserted and addressed in the New York State Court

Action.  There is no reason for this Court to expend time and judicial resources on piecemeal

litigation of the same claims based on Mr. Buhannic's unhappiness with the rulings he has

received in the New York State Court Action.  "Where the state and federal claims are

'inextricably linked,' the Second Circuit has recognized the potential for a danger of piecemeal

litigation."  *Garcia v. Tamir*, No. 99 Civ. 0298 (LAP), 1999 WL 587902, *3 (S.D.N.Y. Aug. 4,

1999) (citing *De Cisneros*, 871 F.2d at 308); *Gen. Reinsurance Corp. v. CIBA–Geigy Corp.*, 853

F.2d 78, 81 (2d Cir. 1988)).

        <u>Order in Which the Actions Were Filed</u>.  This factor also favors abstention.  Mr.

Buhannic filed the New York State Court Action in July 2016 – more than two years ago – and

actively litigated the case until he concluded that Justice Friedman is "biased" against him

because she ruled against him on issues including the indemnification claim that he seeks to re-

litigate here.  Twenty-two motions have been filed, nearly one hundred thousand pages of

discovery have been produced by defendants, a host of procedural and legal issues have been

argued and decided, and appeals have been taken.  *See supra* at 4.  Courts frequently abstain

from hearing parallel cases under these circumstances.  *See Telesco*, 765 F.2d at 363 (abstaining

in part because the state court had "jurisdiction over the matters in this case far longer than the

federal court" and because extensive proceedings had already taken place in the state actions);

*Abe v. N.Y. Univ.*, No. 14-cv-9323 (RJS), 2016 WL 1275661, at *9 (S.D.N.Y. Mar. 30, 2016),

*reconsideration denied*, 2016 WL 2757761 (S.D.N.Y. May 11, 2016) (abstaining where "nearly

twenty motions have been litigated in the State Action; thousands of pages of documents have

been produced; and hundreds of interrogatories have been answered" while the federal action

had not progressed beyond the motion to dismiss stage); *Millennium Drilling Co. v. Prochaska*,

No. 14-cv-1985, 2014 WL 6491531, at *5 (S.D.N.Y. Nov. 18, 2014) (abstaining where

thousands of pages "have exchanged hands and several depositions have taken place, with more scheduled over the next two months" in the state court action, whereas the federal action "has not progressed beyond the pleading stage").

Governing Law.  This factor also favors abstention because "the bulk of the litigation would necessarily revolve around the state law."  *See De Cisneros*, 871 F.2d at 308-09 (citation omitted); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 193 (E.D.N.Y. 2012).  Mr. Buhannic does not bring any claims in Case No. 18-cv-9351 based on any federal law.  The issues under the Indemnification Agreement are governed by the laws of Delaware because TradingScreen is a Delaware corporation and the Indemnification Agreement contains a Delaware choice of law provision.  Vassos Dec. Ex. 21 at ¶ 19. Therefore, this prong also favors abstention.

Protection of Plaintiff's Rights.   This factor also favors abstention.  Mr. Buhannic's rights will not be prejudiced in any way by having his claims adjudicated in state court, which is the forum he himself chose over two years ago.  *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 659 (S.D.N.Y. 1997) (noting "little comment on this factor is necessary" when plaintiff could assert same claims in state action).  The New York State Supreme Court is more than capable of adequately protecting Mr. Buhannic's rights.

Remaining Factors.  The remaining *Colorado River* Factors are neutral: there is no *res* here and neither the federal courthouse (40 Centre Street) nor the New York courthouse (60 Centre Street) is any more convenient than the other.  Mr. Buhannic also cannot complain about the inconvenience of the New York State Court as he originally chose to proceed in that court. *See, e.g.*, *King v. Six Stars of N.Y., Inc.*, No. 16 CIV. 3291 (BMC), 2016 WL 4523920, at *3 (E.D.N.Y. Aug. 22, 2016):

> None of the other *Colorado River* factors, other than the absence of
> a *res*, which is a neutral factor, favor maintaining this action.
> Plaintiff cannot complain about inconvenience when he himself
> chose state court.  He himself has created piecemeal litigation by
> bringing the same case in two fora.  He commenced the action in
> state court more than a year before this one and it has proceeded
> into discovery; if discovery has not progressed, it is only because
> plaintiff has not succeeded in advancing it.

Here too, Mr. Buhannic chose to file his advancement and indemnification claims in New York,

he actively litigated in the New York Courts for over two years and the only reason that fact

discovery has not yet been completed is because he has refused to appear for his deposition.  As

stated in *King* in words that apply equally to this case and Mr. Buhannic:

> I can only conclude that [plaintiff] is simply dissatisfied with the
> rulings or progress of the case in the forum he originally chose,
> and hopes he can do better here.
>
> […]
>
> In my view, it would offend comity for this Court to effectively
> say to a state court that, notwithstanding the fact that it has devoted
> resources to the case for over a year, and that state law dominates
> the action, I am going to allow plaintiff to circumvent its
> proceedings and take a second bite of the apple in the hope that he
> can do better here…. Yanking his adversary between fora is
> harassment.

*Id*. at *2-3.  Similarly, Mr. Buhannic filed the Case No. 18-cv-9351 in a blatant attempt to

circumvent the New York Court's rulings in the New York State Court Action and it amounts to

nothing more than an attempted "do over" and harassment of the defendants.  Abstention is,

therefore, fully warranted and appropriate with respect to Case No. 18-cv-9351.

Finally, while Mr. Buhannic asserts additional claims for indemnification in Case No. 18-

cv-9351 for the AAA Arbitration and some of the SDNY Actions themselves (Case Nos. 18-cv-

5371, 18-cv-5372, and 18-cv-7997) (Vassos Dec. Ex. 16 pp. 16-20), those claims concern the

*same* Indemnification Agreement and arise out of the *same* facts underlying the indemnification

decision in the New York State Court Action that was affirmed by the Appellate Division, First Department.  If "the same cause of action, regardless of theory or pleadings, is asserted in both courts," then the actions are duplicative in nature.  *Congress Talcott Corp. v. Roslin*, No. 95 Civ. 7698 LAP, 1996 WL 499337, *3 (S.D.N.Y. Sept. 4, 1996) (citing *Telesco*, 765 F.2d at 362). Thus, abstention is warranted.

      **2.**      **Case No. 18-cv-9447 (the Second SDNY Indemnification Action)**

In Case No. 18-cv-9447, Mr. Buhannic seeks advancement with respect to three actions: (i) the New York State Court Action – a claim he also asserted in the first SDNY Indemnification Action, (ii) an action he brought in Switzerland seeking – unsuccessfully – to induce criminal charges against Mr. Grandi; and (iii) the "present action."  Vassos Dec. Ex. 18 at ¶ 3.  These claims for advancement and indemnification again concern the *same* Indemnification Agreement and arise out of *same* facts underlying the claims for indemnification in the New York State Court Action.  Again, abstention is warranted.

      **3.**      **Case Nos. 18-cv-7997 and 18-cv-10170 (the Employment Actions)**

In Case No. 18-cv-7997 and Case No. 18-cv-10170, Mr. Buhannic seeks damages (and other relief) resulting from TradingScreen's purported wrongful termination of him.  Mr. Buhannic has been seeking substantially similar relief based on substantially similar allegations in the New York State Court Action for more than two years.  *See* Background Point I.B.4.  For example, in Case No. 18-cv-7997, Mr. Buhannic alleges a number of claims for the alleged breach of his September 11, 2007 employment agreement (the "Employment Agreement"), including claims that: (i) he was wrongfully terminated for cause; (ii) he is entitled to additional restricted stock as part of his bonus; and (iii) his restricted stock has vested.  He also seeks the rescission of restricted stock awards to Messrs. Schroeder and Grandi, his reinstatement as CEO of TradingScreen, and revisions to the Company's records to reflect his stock claims.  *See id.*

Mr. Buhannic previously has asserted all of the above claims for breach of his Employment Agreement in the New York State Court Action.  *See id.*

Because Case Nos. 18-cv-7997 and 18-cv-10170 assert claims substantially similar to those in the New York State Court Action and arising out of the same core facts, those actions clearly are parallel with the earlier-filed New York State Court Action.  As for the *Colorado River* Factors, the same analysis with respect to the Case No. 18-cv-9351, *supra* at 11-14, applies here and warrants abstention.  The fact that Mr. Buhannic is not happy with the rulings of Justice Friedman and the progress of the New York State Court Action (which he himself has impeded by refusing to appear for his deposition) is not a basis for allowing Mr. Buhannic to ping-pong between forums in search of more favorable rulings.  *King*, 2016 WL 4523920, at *2-3.

### 4.    Case No. 18-cv-5371 (the SDNY Corporate Governance Action)

In Case No. 18-cv-5371, Mr. Buhannic seeks, *inter alia*, to: (i) void the stock grants to Messrs. Schroeder and Grandi (Vassos Dec. Ex. 9, p. 39, ¶ 8), (ii) reconstitute the members of the Compensation Committee of the Board (*id.*, p. 38, ¶ 2), (iii) reconstitute the Board by removing Messrs. Schroeder and Grandi as directors (*id.*, p. 40, ¶¶ 9-10), (iv) appoint a new independent director (*id.*, p. 38, ¶ 1), and (v) obtain damages for alleged violations of the Sarbanes-Oxley Act of 2002 ("SOX") (*id.*, p. 40, ¶¶ 11-12).  Those claims substantially parallel claims made in the New York State Court Action, in which Mr. Buhannic similarly seeks to: (i) void the stock grants to Messrs. Schroeder and Grandi (Vassos Dec. Ex. 10, p. 55, ¶ (i)), and (ii) reconstitute the members of the Compensation Committee of the Board (*id.*, p. 54, ¶ (g)).  Mr. Buhannic's attempts, in Fall 2017, to reconstitute the Board by removing Messrs. Schroeder and Grandi as directors and appointing a new independent director were also litigated in a second Delaware action brought by TradingScreen in October 2017 and decided by Vice Chancellor Laster on January 10, 2018.  Vassos Dec. Ex. 11.

17

Again, the *Colorado River* Factors favor abstention.  Mr. Buhannic's claim in Count VI of his complaint in Case No. 18-cv-5371—seeking an order from this Court that TradingScreen comply with certain unidentified accounting provisions of the Sarbanes-Oxley Act (Vassos Dec., Ex. 9, pp. 40-41)—does not justify proceeding in this Court.  The claim fails as a matter of law because the accounting provisions of the Sarbanes-Oxley Act do not apply to private companies such as TradingScreen.  *See Brady v. Calyon Sec. (USA)*, 406 F. Supp. 2d 307, 317 (S.D.N.Y. 2005).

### 5.     <u>Case No. 18-cv-5372 (the SDNY Books and Records Action)</u>

In Case No. 18-cv-5372, Mr. Buhannic seeks thirty-four categories of documents from TradingScreen.  Vassos Dec. Ex. 12 at ¶ 6.  Most of those same requests were previously made in two actions that Mr. Buhannic commenced in the New York Supreme Court.

First, on April 17, 2017, Mr. Buhannic commenced an action seeking a preliminary injunction requiring the production of those same documents pursuant to 8 Del. C. § 220, a statute pursuant to which a stockholder of a Delaware corporation who has a "proper purpose" may seek documents essential to the stockholder's proposed purpose that are identified "with rifled precision." *Espinoza v. Hewlett-Packard Co.*, 32 A.3d 365, 372 (Del. 2011) (internal citation and quotation marks omitted). *Buhannic v. TradingScreen Inc.*, Index No. 652034/2017, Vassos Dec. Ex. 14.  Following briefing of a motion to dismiss, Mr. Buhannic's then counsel stipulated to a discontinuance on June 30, 2017.  Notwithstanding that stipulation, on January 11, 2019, Mr. Buhannic filed a new brief in the action.  Vassos Dec. Ex. 22.

Second, on September 14, 2017, Mr. Buhannic filed a second Section 220 Books and Records complaint, entitled *Buhannic et al. v. TradingScreen*, Case No. 655848/2017, in which he sought additional documents that he again seeks here in Case No. 18-cv-5372 under 8 Del. C.

220.  Vassos Dec. Ex. 13.  TradingScreen answered that complaint and Mr. Buhannic has done nothing since then to pursue that action.

There is no justification for piecemeal litigation of Mr. Buhannic's books and records demands.  His claim has been asserted in his New York actions that he has failed to prosecute since September 2017.  The New York Supreme Court is more than capable of protecting Mr. Buhannic's rights.  Again, the *Colorado River* Factors favor abstention.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order dismissing these Actions with prejudice.

Dated:  New York, New York
          January 15, 2019

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**                    **WEIL, GOTSHAL & MANGES LLP**


By: */s/ John M. Vassos*                                          By: */s/ Stephen A. Radin*
          John M. Vassos                                                        Stephen A. Radin
          Peter C. Neger                                                         Evert J. Christensen
          Laurie E. Foster

                                                                              767 Fifth Avenue
101 Park Avenue                                                   New York, New York 10153
New York, New York 10178                               (212) 310-8000
(212) 309-6000                                                     stephen.radin@weil.com
john.vassos@morganlewis.com                       evert.christensen@weil.com
laurie.foster@morganlewis.com
peter.neger@morganlewis.com                       *Attorneys for Defendants Frank Placenti,*
                                                                              *Robert Trudeau, TCV VI, L.P., TCV Member*
*Attorneys for Defendants TradingScreen Inc.,*   *Fund, L.P., Jay Hoag and Rick Kimball*
*Pierre Schroeder and Piero Grandi*

**APPENDIX**
**List of Buhannic Actions Referenced in the Brief**

| New York Supreme Court Actions | | | | |
|---|---|---|---|---|
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| July 11, 2016 | 653624/2016 | NY Action | Philippe Buhannic Patrick Buhannic | TradingScreen Pierre Schroeder Piero Grandi Frank Placenti Robert Trudeau TCV VI, L.P. TCV Member Fund, LP. |
| Apr. 17, 2017 | 652034/2017 | First NY Books & Records Action | Philippe Buhannic Patrick Buhannic | TradingScreen |
| Sep. 14, 2017 | 655848/2017 | Second NY Books & Records Action | Philippe Buhannic Patrick Buhannic | TradingScreen |
| **Delaware Chancery Court Actions** | | | | |
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| May 12, 2016 | 2016-12328-VCL | First Delaware Chancery Court Action | Pierre Schroeder Piero Grandi Frank Placenti Robert Trudeau | Philippe Buhannic Patrick Buhannic Christophe Roupie |
| Oct. 19, 2017 | 2017-0746-JTL | Second Delaware Chancery Court Action | Philippe Buhannic Patrick Buhannic | TradingScreen Joseph Ahearn |
| **American Arbitration Association** | | | | |
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| July 8, 2016 | 16-0002-7810 | AAA Arbitration | Philippe Buhannic Patrick Buhannic | TradingScreen Joseph Ahearn |

| SDNY Actions Including TradingScreen or its Directors as Defendants Not at Issue on this Motion | | | | |
|---|---|---|---|---|
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| Oct. 17, 2017 | 17 cv 07993 | Vacatur Action | Philippe Buhannic<br>Patrick Buhannic | TradingScreen<br>Joseph Ahearn |
| Mar. 19, 2018 | 18 cv 02430 | RICO Action | Philippe Buhannic<br>Patrick Buhannic | American Arbitration Association<br>Morris Nichols Arsht & Tunnell LLP<br>Morgan, Lewis Bockius LLP<br>Weil Gotshal & Manges LLP<br>Bloomberg News<br>Greenberg Traurig LLP<br>CBIZ<br>Bruce Rosenthal<br>Richard F. Ziegler<br>George Gluck<br>Eugene I. Farber<br>Technology Crossover Ventures<br>Joseph Ahearn<br>Pierre Schroeder<br>Piero Grandi<br>Rick Kimball<br>Jay Hoag<br>The Honorable J. Travis Laster |
| The Six Parallel SDNY Actions at Issue on this Motion | | | | |
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| June 14, 2018 | 18 cv 05371 | SDNY Corporate Governance Action | Philippe Buhannic<br>Patrick Buhannic | Pierre Schroeder<br>Piero Grandi<br>Frank Placenti<br>Robert Trudeau<br>TCV VI, L.P.<br>TCV Member Fund, LP.<br>Jay Hoag<br>Rick Kimball<br>TradingScreen (nominal defendant) |

| June 14, 2018 | 18 cv 05372 | SDNY Books and Records Action | Philippe Buhannic<br>Patrick Buhannic | TradingScreen<br>Pierre Schroeder<br>Piero Grandi<br>Frank Placenti<br>Robert Trudeau<br>TCV VI, L.P.<br>TCV Member Fund, LP. |
| Aug. 31, 2018 | 18 cv 07997 | First SDNY Employment Action | Philippe Buhannic<br>Patrick Buhannic | TradingScreen<br>Pierre Schroeder<br>Piero Grandi<br>Frank Placenti<br>Robert Trudeau<br>TCV VI, L.P.<br>TCV Member Fund, LP. |
| Oct. 12, 2018 | 18 cv 09351 | First SDNY Indemnification Action | Philippe Buhannic | TradingScreen |
| Oct. 16. 2018 | 18 cv 09447 | Second SDNY Indemnification Action | Philippe Buhannic | TradingScreen<br>Pierre Schroeder<br>Piero Grandi<br>Frank Placenti<br>Robert Trudeau<br>TCV VI, L.P.<br>TCV Member Fund, LP. |
| Nov. 1, 2018 | 18 cv 10170 | Second SDNY Employment Action | Philippe Buhannic | Pierre Schroeder<br>Piero Grandi<br>Frank Placenti<br>Robert Trudeau<br>TCV VI, L.P.<br>TCV Member Fund, LP.<br>Jay Hoag<br>Rick Kimball |

| SDNY Actions **Not** Including TradingScreen or its Directors as Defendants | | | | |
|---|---|---|---|---|
| **Date Filed** | **Case No.** | **Case Description** | **Plaintiff(s)** | **Defendant(s)** |
| June 25, 2018 | 18 cv 05729 | Justice Friedman Action | Philippe Buhannic | The Honorable Marcy Friedman |
| June 28, 2018 | 18 cv 05846 | Shiboleth RICO Action | Philippe Buhannic | Shiboleth LLC |