UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIPPE BUHANNIC,<br>                Plaintiff,<br><br>– against –<br><br>PIERRE SCHROEDER; PIERO GRANDI; FRANK PLACENTI; ROBERT TRUDEAU; TCV VI L.P.; TCV MEMBER FUND, L.P.; JAY HOAG; and RICK KIMBALL,<br>                Defendants. | 18-cv-5371 |
| PHILIPPE BUHANNIC,<br>                Plaintiff,<br><br>– against –<br><br>TRADINGSCREEN INC.; PIERRE SCHROEDER; PIERO GRANDI; FRANK PLACENTI; ROBERT TRUDEAU; TCV VI, L.P.; and TCV MEMBER FUND, L.P.,<br>                Defendants. | 18-cv-5372 |
| PHILIPPE BUHANNIC and PATRICK BUHANNIC,<br>                Plaintiffs,<br><br>– against –<br><br>TRADINGSCREEN INC.; PIERRE SCHROEDER; PIERO GRANDI; FRANK PLACENTI; ROBERT TRUDEAU; TCV VI, L.P.; and TCV MEMBER FUND, L.P.,<br>              Defendants. | 18-cv-7997 |

| | |
|---|---|
| PHILIPPE BUHANNIC,<br>                    Plaintiff,<br><br>– against –<br><br>TRADINGSCREEN INC.,<br>                    Defendant. | 18-cv-9351 |
| PHILIPPE BUHANNIC,<br>                    Plaintiff,<br><br>– against –<br><br>TRADINGSCREEN INC.; PIERRE SCHROEDER; PIERO GRANDI; FRANK PLACENTI; ROBERT TRUDEAU; TCV VI, L.P.; and TCV MEMBER FUND, L.P.,<br>                    Defendants. | 18-cv-9447 |
| PHILIPPE BUHANNIC,<br>                    Plaintiff,<br><br>– against –<br><br>TRADINGSCREEN INC.; PIERRE SCHROEDER; PIERO GRANDI; FRANK PLACENTI; ROBERT TRUDEAU; TCV VI, L.P.; TCV MEMBER FUND, L.P.; JAY HOAG; and RICK KIMBALL,<br>                    Defendants. | 18-cv-10170 |

**OPINION & ORDER**

Ramos, D.J.:

Plaintiff Phillippe Buhannic ("Buhannic") brings these six actions[1] against six largely overlapping groups of defendants, asserting claims relating to the management of TradingScreen Inc. ("TradingScreen"), the company where Phillippe Buhannic served as Chief Executive

---

[1] Plaintiff Patrick Buhannic is a named plaintiff in one of the actions, 18 Civ. 7997.

2

Officer ("CEO"). Defendants TradingScreen, Pierre Schroeder, Piero Grandi, Frank Placenti, Robert Trudeau, TCV VI, L.P., TCV Member Fund, L.P., Jay Hoag, and Rick Kimball ("Defendants") move to dismiss five of these six actions for lack of subject matter jurisdiction and for the Court to abstain from all six actions. For the following reasons, the Court GRANTS their motion to dismiss the five actions on the basis of lack of subject matter jurisdiction but will not abstain from hearing the sixth.

I. BACKGROUND[2]

Phillippe Buhannic is the former CEO of TradingScreen and a current member of its Board of Directors. He is a French citizen and Swiss resident. *See* 18 Civ. 5371, Doc. 18 ¶ 3. Buhannic is a plaintiff in all six actions in this opinion. Patrick Buhannic is a French citizen and resident. *See* Defs.' Br. at 2; Pls.' Opp. at 9. He is also a member of the Board. *Id.* Patrick Buhannic remains a plaintiff in one of the six actions, 18 Civ. 7997.[3]

TradingScreen is a privately held corporation that provides financial technology services. 18 Civ. 5371, Doc. 18 ¶ 4. It is incorporated in Delaware and its corporate headquarters are in New York. *Id.* The rest of the defendants are connected with TradingScreen in some way. TCV VI and TCV Member Fund ("the TCV funds") are private equity funds that together own some of TradingScreen's Series D preferred stock. 18 Civ. 5371, Doc. 18 ¶ 10. Non-party Technology Crossover ventures ("TCV"), a private equity firm, sponsors the TCV funds. Defs.' Br. at 2. Pierre Schroeder is the current CEO of TradingScreen and a member of the

---

[2] The Court's recitation of the facts is largely based on factual allegations in the Plaintiffs' complaints.

[3] Buhannic filed his complaint only on behalf of himself in 18 Civ. 9351, *see* Doc. 1; 18 Civ. 9447, *see* Doc. 1; and 18 Civ. 10170, *see* Doc. 1. Patrick Buhannic was initially listed as a plaintiff in 18 Civ. 5371 and 18 Civ. 5372. In the former case, the complaint was amended to exclude Patrick Buhannic as a plaintiff. 18 Civ. 5371, Doc. 18. In the latter case, the Court dismissed Patrick Buhannic as a party pursuant to its powers under Federal Rule of Civil Procedure 21. 18 Civ. 5372, Doc. 51.

3

TradingScreen's board of directors. 18 Civ. 5371, Doc. 18 ¶ 5. Schroeder is a citizen of Luxembourg and a resident of Spain. Vassos Decl. Ex. 10 ¶ 19.[4] Piero Grandi is the chairman of the TradingScreen's board of directors. 18 Civ. 5371, Doc. 18 ¶ 6. Grandi is an Italian citizen and a Swiss resident. Vassos Decl. Ex. 10 ¶ 18. Frank Placenti and Robert Trudeau are also directors of TradingScreen; Trudeau is also a General Partner of TCV. 18 Civ. 5371, Doc. 18 ¶¶ 8–9. Jay Hoag and Rick Kimball are Managing Partners at TCV. *Id.*, ¶ 11.

In July 2016, TradingScreen dismissed Buhannic as CEO. *See* 18 Civ. 5371, Doc. 18 ¶ 3. Four directors, Schroeder, Grandi, Placenti and Trudeau, then filed a lawsuit in the Delaware Chancery Court pursuant to § 225 of the Delaware General Corporation Law to determine the proper composition of the Board and whether Buhannic should remain as CEO. *See Schroeder v. Buhannic, C.A.* No. 12328-VCL. Vice Chancellor Laster later denied Buhannic's request to be reinstated as TradingScreen's CEO during the pendency of the lawsuit. *See* Vassos Decl. Ex. 1.

Buhannic subsequently pursued claims against Defendants in two new forums: an American Arbitration Association ("AAA") arbitration and an action in the New York State Supreme Court before Justice Marcy Friedman. *See* Vassos Decl. Ex. 4; *Buhannic v. TradingScreen, Inc.*, No. 653624/2016 (Sup. Ct. N.Y. County). In pursuing these two actions, Buhannic had the assistance of four law firms, all of which he has since fired. He and Patrick Buhannic are now proceeding *pro se*.

The AAA arbitration concerned the validity of several amendments Buhannic made in his capacity as TradingScreen's CEO to a shareholders' agreement of TradingScreen. *See* Vassos Decl. Ex. 4. The amendments, *inter alia*, purported to bind the shareholders to take no action to

---

[4] Buhannic does not always include the citizenship and residency of the individual defendants in his complaints. Buhannic agrees with Defendants' characterization of Schroeder's citizenship and residency in his opposition brief, however. *See* Pls.' Opp at 9.

remove Buhannic as a Director, CEO, and Chairman of the Board, *id.* at 10, and to vote for the same directors for whom Buhannic voted, *id.* at 7–10. Buhannic did not seek or obtain approval from TradingScreen's board for the amendments. *See id.* The AAA panel unanimously found against Buhannic, holding that the amendments were not valid and not enforceable. *Id.* at 11.

The New York state action before Justice Friedman is still active and much broader than the AAA arbitration. Buhannic has made numerous motions and sought a wide variety of relief in that action, which will be discussed below. Buhannic evidently has been dissatisfied with the results, as he moved for Justice Friedman's recusal in that action, *see* Vassos Decl. Ex. 8, and has filed a federal lawsuit against Justice Friedman in this district. *See Buhannic v. Friedman*, No. 18-cv-5729 (RA) (S.D.N.Y.).

On October 17, 2017, Philippe and Patrick Buhannic filed the first of what would later become ten lawsuits in this Court, a petition to vacate the AAA arbitral award. *See* 17 Civ. 7993, Doc. 1. This Court ultimately denied the petition. *Id.*, Doc. 35. The Buhannics then appealed the decision to the Second Circuit. *Id.*, Doc. 37.

On March 19, 2018, the Buhannics commenced another action before this Court, alleging a RICO conspiracy in which TradingScreen, its directors, TCV and its founders, four law firms, the AAA, the three members of the AAA panel that ruled against him, an accounting firm, Bloomberg News, and Vice Chancellor Laster were participants. 18 Civ. 2430, Doc. 1. The Buhannics seek both injunctive relief and damages in the amount of $200 million in that action. *Id.* at 16. That action is not at issue in this opinion.

On June 14, 2018, Buhannic filed the first two actions at issue in this opinion. In 18 Civ. 5371, Buhannic brings claims for breach of the "Stockholders Agreement," breach of fiduciary duty, aiding and abetting breach of fiduciary duty, violations of the Sarbanes-Oxley Act, and

5

unjust enrichment, seeking damages, declaratory relief, and many forms of injunctive relief. *See* 18 Civ. 5371, Doc. 18. Buhannic seeks, *inter alia*, to void stock grants given to Grandi and Schroeder, *id.* at 39 ¶ 8, and to reconstitute the compensation committee of the Board, *id.* at 38 ¶ 2. Buhannic previously sought this relief in his state action, *see* Vassos Decl. Ex. 10 at 54–55, in which he also made claims for breach of the Stockholders Agreement, *id.* at 44, breach of fiduciary duty, *id.* at 27, and aiding and abetting breach of fiduciary duty, *id.* at 49.

In 18 Civ. 5372, Buhannic seeks to compel TradingScreen to produce certain books and records for his inspection pursuant to § 220 of the General Corporation Law of Delaware. *See* 18 Civ. 5372, Doc. 22. The § 220 request is the sole claim in that action. Buhannic sought much of the same information from TradingScreen under § 220 in the New York state court. *Compare id. with* Vassos Decl. Ex. 13; Ex. 14 at 10–11.

On August 31, 2018, Buhannic filed the third action at issue in this opinion, in 18 Civ. 7997, asserting wrongful termination under New York state law. In this action, Buhannic seeks a variety of relief including unpaid salary, the issuance of certain shares that he argues he is entitled to, and reinstatement as CEO. *See* 18 Civ. 7997, Doc. 3 at 21, 40, 41. Buhannic pursued his wrongful termination claim and sought substantially similar relief in his New York state court action. *See* Vassos Decl. Ex. 10 ¶¶ 64–91, 92–99, 149–72 (seeking as relief, *inter alia*, reinstatement as CEO, back pay, payment of shares).

On October 12, 2018, Buhannic filed the fourth action at issue in this opinion, 18 Civ. 9351 (the "Indemnification Case"), seeking indemnification from TradingScreen for legal expenses he has incurred and alleging that TradingScreen breached an indemnification agreement between them. *See* 18 Civ. 9351, Doc. 14 at 2. Buhannic made the same claim seeking the same relief in the New York state court action. *See* Vassos Decl. 10 ¶¶ 201–210.

Four days later, Buhannic filed the fifth action at issue in this opinion, which is largely duplicative of his fourth action, 18 Civ. 9447, seeking indemnification from TradingScreen for his legal expenses, but also tacking on a claim for $1,000,000 against TradingScreen for breach of the indemnification agreement. *See* 18 Civ. 9447, Doc. 13.

On November 1, 2018, Buhannic filed the sixth action at issue in this opinion, 18 Civ. 10170, again asking the Court to order the issuance of certain stock that he claims to be entitled to. *See* 18 Civ. 10170, Doc. 9 at 17. Buhannic argued that he was entitled to that same stock in his New York state court action. Vassos Decl. Ex. 10 ¶¶ 70–71, 92–99, 164–172.

Buhannic has filed two other actions in this district that are not before this Court, bringing the total number of actions he has filed in this district to ten. In 18 Civ. 5729, Buhannic sues Justice Friedman for discrimination on the basis of national origin. In 18 Civ. 5846, Buhannic sues his former law firm, Shiboleth LLP, for the legal fees he paid.

On January 15, 2019, Defendants moved to dismiss the six cases for lack of subject matter jurisdiction, or, in the alternative, for the Court to abstain from the six cases under *Colorado River*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings may be considered by the court to resolve

7

the disputed jurisdictional fact issues. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). A motion to dismiss based on abstention is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 295 (S.D.N.Y. 2017).

## III. DISCUSSION

Defendants assert two bases for dismissal under Rule 12(b)(1): that the parties are non-diverse and thus diversity jurisdiction is absent; and that abstention is warranted under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The Court addresses each in turn.

### A. *Lack of Diversity Jurisdiction*

Buhannic asserts diversity of citizenship under 28 U.S.C. § 1332 as the sole basis of jurisdiction in the six actions at issue in this opinion. Defendants move to dismiss five of the six actions because diversity is absent.

A plaintiff in federal court bears the burden of establishing subject matter jurisdiction. *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 476 n.2 (2d Cir. 1976). The legal principles behind diversity jurisdiction are well-settled. As relevant here, 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and the action is between citizens of different

states, or citizens of a state and citizens or subjects of a foreign state. "However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

As Buhannic himself acknowledges in his pleadings, he, Grandi, and Schroeder are all legal aliens. Consequently, there are aliens on both sides of the litigation in five of the six actions at issue. Diversity jurisdiction is thus lacking in those cases. The only action that is between a citizen of a state and a citizen of a foreign state is the Indemnification Case, which Buhannic brings solely against TradingScreen. Despite relying solely on diversity jurisdiction in his pleadings, Buhannic now argues that the cases nonetheless belong in federal court because the cases involve federal rights and federal crimes, including wire fraud, mail fraud, and violation of the Sarbanes-Oxley Act. Pls.' Opp. at 23. Buhannic asserts no federal rights in his six cases aside from purportedly suing Defendants for committing "securities fraud" under sections 303 and 404 of the Sarbanes-Oxley Act of 2002, however. 18 Civ. 5371 Doc. 18 at 30. Section 303 of the Sarbanes-Oxley Act specifically reserves the "exclusive authority to enforce this section" to the Securities and Exchange Commission. 15 U.S.C. §7242(b). Additionally, TradingScreen is a privately held company and thus is not subject to section 404 of the Sarbanes-Oxley Act of 2002. As a legal alien, Buhannic has no authority to levy federal criminal charges against Defendants.

Defendants' motion to dismiss Plaintiffs' claims in 18 Civ. 5371, 18 Civ. 5372, 18 Civ. 7997, 18 Civ. 9447, and 18 Civ. 10170 for lack of subject matter jurisdiction is thus granted.

B.  *Colorado River Abstention*

Defendants do not contest that diversity exists in the Indemnification Case, 18 Civ. 9351,

but nevertheless asks that this Court abstains from exercising jurisdiction because the Indemnification Case is parallel to Buhannic's New York state court action. Federal courts may abstain from exercising jurisdiction over an action for which there is a parallel state court proceeding based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). "An analysis of whether a court should abstain under *Colorado River* begins with a determination of whether the concurrent federal and state proceedings are 'parallel' in nature." *Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (citing *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). Federal and state proceedings are "parallel" for abstention purposes when the two proceedings "are essentially the same," meaning that "there is an identity of parties, and the issues and relief sought are the same." *Shields v. Murdoch*, 11 Civ. 4917 (PGG), 2012 WL 4097199, at *5 (S.D.N.Y. Sept. 18, 2012) (citation and internal quotation marks omitted). Nevertheless, "[p]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Id*. (quoting *In re Comverse Tech., Inc.,* 06 Civ. 1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)) (emphasis in original) (internal quotation marks omitted).

      *Colorado River* abstention is only warranted in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. "The mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988). In determining whether abstention is warranted, courts consider six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (quoting *Colorado River*, 424 U.S. at 818–19).

As a threshold matter, the Court finds that the Indemnification Case before this Court parallels Buhannic's New York state court action before Justice Friedman. In both actions, Buhannic asserts that he is entitled to indemnification for the legal expenses he has incurred pursuant to the indemnification agreement between Buhannic and TradingScreen, which TradingScreen has allegedly breached. Buhannic and TradingScreen are parties to both actions. The two cases are thus parallel. It therefore proceeds to analyze the six *Colorado River* factors.

"The Second Circuit has noted that the absence of jurisdiction by either the state or federal court over property 'point[s] toward [the] exercise of jurisdiction.'" *Goldentree Asset Mgmt., L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. 2006) (quoting *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)). Neither the Indemnification Case nor the New York state action involves jurisdiction over property; thus, the first factor weighs against abstention.

"Where the federal court is 'just as convenient' as the state court," abstention is also disfavored. *Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (citing *Youell v.*

*Exxon Corp.*, 48 F.3d 105, 113 (2d Cir. 1995), *vacated on other grounds*, 516 U.S. 801 (1995)). The state courthouse and the federal courthouse are both located in New York City and are thus equally convenient for the parties. The second factor thus also weighs against abstention.

The Supreme Court has deemed the third factor, the "avoidance of piecemeal litigation," as the most important factor in considering abstention. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Defendants argue that this factor strongly favors abstention because Buhannic has made identical claims and sought substantially similar relief in the state case. While this may be true, it describes the situation for many parallel state and federal proceedings, and is not a basis for withholding jurisdiction. *See Woodford*, 239 F.3d at 525 ("Nor may abstention be based simply on an aversion to deciding an issue prior to a state court's adjudication. There is no bar against parallel in personam actions proceeding in two or more courts."). Defendants' reasoning "would counsel abstention in any suit that involved the same parties and subject matter" and thereby "obviate *Colorado River*'s admonition that abstention is heavily disfavored absent exceptional circumstances." *Fernandez v. City of New York*, 2017 WL 2894144, at *3 (S.D.N.Y. July 7, 2017) (internal quotation marks omitted). Indeed, the Second Circuit has noted that "the primary context in which [it has] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes *not* preventable by principles of res judicata and collateral estoppel." *Woodford*, 239 F.3d at 524 (emphasis added). Defendants fail to show how res judicata and collateral estoppel would fail to prevent the possibility of inconsistent outcomes; they thus have failed their burden to persuade this Court that this factor weighs in favor of abstention. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 210 (2d Cir. 1985) (the burden of persuasion is with the party moving for *Colorado River* abstention).

Where the state court action was filed first and is further along than the federal action, the Court should weigh the fourth factor in favor of abstention. *See Moses H. Cone Memorial Hospital*, 460 U.S. at 21–22. This factor weighs in favor of abstention because the New York state action was filed over two years ago and Buhannic has made significantly more progress in that case, which has gone to discovery, *see* Vassos Decl. Ex. 6 at 49–50.

The absence of issues of federal law counsels in favor of abstention. *Gen. Reinsurance Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988). Buhannic brings no federal claims in the Indemnification Case. "Although the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where 'the bulk of the litigation would necessarily revolve around the state-law . . . rights of [numerous] . . . parties.'" *Id.* Thus, this factor favors abstention.

Lastly, where the state court's procedures fail to adequately protect the rights of the party seeking to invoke federal jurisdiction, jurisdiction is favored. *Id.* Buhannic has made clear that he is filing his lawsuits in this court because he is dissatisfied with the *outcomes* he has obtained in state court, not the adequacy of its procedures. *See* Pls.' Opp. at 18–19 (explaining that Buhannic pursued his claims in federal court after concluding that the state court treated him unfairly by requesting that he proceed with discovery). Buhannic can raise all the claims he seeks to raise here in state court—indeed, he already has. Consequently, this factor favors abstention. *See Bernstein v. Hosiery Mfg. Corp. of Morganton*, 850 F. Supp. 176, 185 (E.D.N.Y. 1994) ("[Plaintiff] can raise all of the claims he raises here before the state courts. Moreover, he can seek the very same declaratory and equitable relief he seeks in this case in the state proceedings[.]").

Nonetheless, having considered all these factors in their totality, the Court determines

13

that abstention is unwarranted in the Indemnification Case. Though the latter three factors favor abstention, the most important factor, the avoidance of piecemeal litigation, does not. Therefore, cases 18 Civ. 5371, 18 Civ. 5372, 18 Civ. 7997, 18 Civ. 9447, and 18 Civ. 10170 are dismissed on the basis of lack of diversity jurisdiction. Because diversity jurisdiction exists for the Indemnification Case, and abstention is unwarranted, that case shall proceed.

## IV. CONCLUSION

Defendants' motions to dismiss cases 18 Civ. 5371, 18 Civ. 5372, 18 Civ. 7997, 18 Civ. 9447, and 18 Civ. 10170 are GRANTED. The Clerk of Court is respectfully directed to terminate:

- Docs. 34 and 41 in 18 Civ. 5371 and close the case.
- Docs. 34, 41, 42, 53 and 55 in 18 Civ. 5372 and close the case.
- Docs. 6, 31, 39, 44 and 54 in 18 Civ. 7997 and close the case.
- Docs. 23, 32, 35, 43 and 44 in 18 Civ. 9447 and close the case.
- Docs. 20, 27 and 34 in 18 Civ. 10170 and close the case.

Defendants' motion for the Court to abstain from the Indemnification Case, 18 Civ. 9351, is DENIED. A scheduling conference in 18 Civ. 9351 will be held on **October 15, 2019 at 10:00 A.M.** The Clerk of Court is respectfully directed to further terminate Docs. 24 and 34 in 18 Civ. 9351.

SO ORDERED.

Dated:     September 26, 2019
           New York, New York

                                                    Edgardo Ramos, U.S.D.J.